UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-CV-61548-SEITZ/SIMONTON

FRANK MANFRED, II,

    Plaintiff,

v.

BENNETT LAW, PLLC and
WAL-MART STORES, INC.,

    Defendants.
_____/

## OMNIBUS ORDER ON DEFENDANTS' MOTIONS TO DISMISS

This matter is before the Court on Defendant Wal-Mart Stores, Inc.'s Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief May Be Granted, or in the Alternative, Motion for a More Definite Statement [DE-8] and Defendant Bennett Law's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief May Be Granted, or in the Alternative, Motion for a More Definite Statement [DE-13]. Plaintiff has filed essentially the same response to both motions [DE-12 & 17], to which neither Defendant filed a reply. Plaintiff's one count complaint alleges a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (TCPA), against both Defendants. Because Plaintiff has adequately pled his claim, the motions are denied, except Bennett Law's motion to dismiss Plaintiff's request for injunctive relief, which is granted.[1]

### I. Facts Alleged in the Complaint

Plaintiff alleges that Defendant Bennett Law, on behalf of Defendant Wal-Mart, left more

---

[1] Neither Defendant's motion sets out any basis for requiring a more definite statement. Both motions simply argue why the complaint should be dismissed and then seek a more definite statement as an alternative remedy.

than forty voicemail messages on Plaintiff's cellular phone between July and September of 2010. The Defendants used an automatic telephone dialing system or an artificial or pre-recorded voice to place the telephone calls to Plaintiff's cellular phone. None of the calls were made for emergency purposes. Defendants thereby violated the TCPA. Plaintiff's complaint does not allege separate causes of action against each Defendant.

## II.     Motion To Dismiss Standard

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555. However, a well-pled complaint survives a

2

motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### III. Discussion

Both Wal-Mart and Bennett Law move to dismiss Plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to allege all the elements of a violation of the TCPA and, pursuant to Federal Rule of Civil Procedure 10, for failure to separate the allegations against the two Defendants. Defendants first argue that Plaintiff has failed to allege that the calls were made without prior express consent and that Plaintiff was charged for the calls. Based on the language of the statute and the authority interpreting the TCPA, Plaintiff has adequately pled the elements of a TCPA violation.

The TCPA states, in pertinent part:

> (b) Restrictions on use of automated telephone equipment
>     (1) Prohibitions
> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
>     (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
>     \* \* \*
>     (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

47 U.S.C. § 227(b)(1)(A). First, the Court notes that the language of the statute makes it apparent that Plaintiff need not allege that he was charged for the call if he has alleged that the call was made to his cell phone. Plaintiff has alleged that the calls were made to his cell phone. Second, prior express consent is an affirmative defense, not an element of the claim. *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012) (stating that "the prior express

3

consent exemption acts as an affirmative defense, and 'the burden will be on the creditor to show it obtained the necessary prior express consent.'"); FCC Declaratory Ruling 07-232, 23 FCC Rcd. 559 at ¶10. Thus, Plaintiff need not plead that he did not give his prior express consent. The only thing Plaintiff must plead to establish a violation of the TCPA is that the Defendants left voicemail messages at a number assigned to a cellular telephone service using an automatic dialing system or an artificial or pre-recorded voice. *See Breslow*, 857 F. Supp. 2d at 1319; *Buslepp v. B & B Entertainment, LLC*, 2012 WL 4761509, *4 (S.D. Fla. Oct. 5. 2012). Plaintiff has done this by alleging that Defendants used an automatic telephone dialing system or an artificial or pre-recorded voice to place the telephone calls to Plaintiff's cellular phone.[2] Consequently, Plaintiff has pled the elements of his claim.

Next, Defendants argue that the complaint should be dismissed because it does not comply with Rule 10(b), which requires, in part, that:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense.

Fed. R. Civ. P 10(b). Defendants assert that Plaintiff has impermissibly commingled allegations against both Defendants into a single count. Plaintiff, however, has pled that Defendant Bennett Law was acting on behalf of Defendant Wal-Mart and, thus, both violated the TCPA through Bennett Law's actions. Thus, Plaintiff has pled joint and several liability against both Defendants. Consequently, Plaintiff has adequately pled his claim.

---

[2] Contrary to Bennett Law's contention, Plaintiff need not allege his specific cellular telephone number. The statute simply states that the call must be made to "any telephone number assigned to a . . . cellular telephone service." Bennett Law has provided no authority to support its position that Plaintiff's complaint must disclose Plaintiff's cell phone number.

Finally, Bennett Law argues that Plaintiff improperly seeks injunctive relief because Plaintiff seeks any injunction prohibiting Bennett Law from placing non-emergency calls to the cellular telephone of "any person" and because the TCPA does not provide for such broad relief. Plaintiff concedes that the complaint should not have sought injunctive relief to prevent calls to "any person" and states that he will amend the complaint to seek "a permanent injunction prohibiting Defendants from placing non-emergency class to the cellular telephone of *Plaintiff* using an automatic telephone dialing system . . . " Plaintiff, however, has not filed an amended complaint nor sought leave to do so.

Accordingly, it is

ORDERED that:

1. Defendant Wal-Mart Stores, Inc.'s Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief May Be Granted, or in the Alternative, Motion for a More Definite Statement [DE-8] is DENIED.

2. Defendant Bennett Law's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief May Be Granted, or in the Alternative, Motion for a More Definite Statement [DE-13] is DENIED in part and GRANTED in part.

    a. The motion to dismiss Plaintiff's request for injunctive relief is GRANTED.

    b. The motion is DENIED in all other respects.

3. Defendants shall file their Answers by **December 21, 2012**.

DONE and ORDERED in Miami, Florida, this 7th day of December, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record